In re KOREAN AIR LINE DISASTER
OF SEPTEMBER 1, 1983

MDL Docket No. 565.
Misc. Nos. 83-0345, 83-3448, 83-3450, 83-3454, 83-3457 to 83-3459, 83-3463, 83-3465, 83-3466, 83-3469, 83-3470, 83-3473, 83-3792, 83-3890, 83-3898, 83-3902, 83-3903 and 84-0029.

United States District Court,
District of Columbia.

May 7, 1987.

See also, 664 F.Supp. 1481.

Donald W. Madole, Speiser, Krause & Madole, Washington, D.C., Milton G. Sincoff, Kreindler & Kreindler, New York City, for plaintiffs.

Desmond T. Barry, Jr., George N. Tompkins, Jr., Condon & Forsyth, Washington, D.C., for defendant.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., Chief Judge.

This matter comes before the Court pursuant to the January 30, 1987 remand of the Court of Appeals for the District of Columbia Circuit. The Court of Appeals, in considering an interlocutory appeal from this Court's denial of Plaintiffs' Motion for Partial Summary Judgment, was unable to determine the precise scope of this Court's Order. The problem centered around the question of whether the principles of *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), required the Court to apply Second Circuit precedent to actions originally filed in New York federal courts and then transferred to the District of Columbia pursuant to 28 U.S.C. § 1407(a). The parties have fully briefed this issue and the Court holds that its July 25, 1985 Memorandum and Order applies to all three categories of actions enumerated by the Court of Appeals.

In *Van Dusen v. Barrack*, the Supreme Court held that in diversity actions, changes of venue within the federal system do not change the *state* law which is applied to the cases. The Court wrote that "[a] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." *Van Dusen*, 376 U.S. at 639, 84 S.Ct. at 821. The Court

based its decision on the principles of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938):

> The nub of the policy that underlies *Erie R. Co. v. Tompkins* is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away should not lead to to a substantially different result.

*Van Dusen,* 376 U.S. at 638, 84 S.Ct. at 820 (quoting *Guaranty Trust Co. v. York,* 326 U.S. 99, 100, 65 S.Ct. 1464, 1465, 89 L.Ed. 2079 (1945). The Court applied this policy to transfers pursuant to 28 U.S.C. § 1404(a) to "ensure that the 'accident' of federal diversity jurisdiction does not enable a party to utilize a transfer to achieve a result in a federal court which could not have been achieved in the Courts of the State where the action was filed." *Id.*

Because the principles underlying *Van Dusen* and *Erie* have at their foundation questions of the application of state law, neither is applicable to the situation presented here which involves conflicts between the Circuits concerning federal law. While it is true that several courts (including this Court) have applied the *Van Dusen* rule to claims involving federal law, they have failed to recognize the significance of this distinction.

■ "The federal courts comprise a single system applying a single body of law, and no litigant has a right to have the interpretation of one federal court rather than of another determine his case." *H.L. Green Co. v. MacMahon,* 312 F.2d 650, 652 (2d Cir.1962), *cert. denied,* 372 U.S. 928, 83 S.Ct. 876, 9 L.Ed.2d 736 (1963) (citations omitted). *See also, In re The Pittsburgh,* 543 F.2d 1058, 1065 n. 19 (3d Cir.1976) ("[I]n theory, at least, federal law, in its area of competence, is assumed to be nationally uniform, whether or not it is in fact.") What this means in practice is that each federal court is bound to apply federal law the way it believes is appropriate. In the case at hand, this meant that the Court was to thoroughly analyze and consider Second Circuit law (and the law of every other Circuit for that matter) but not to

blindly accept it. The conclusion of the Court's analysis on the issue at hand was that for the reasons stated in its July 25, 1985 Memorandum and Order, the Court did not agree with the holding of *In re Air Crash Disaster of Warsaw, Poland, on March 14, 1980,* 705 F.2d 85 (2d Cir.), *cert. denied,* 464 U.S. 845, 104 S.Ct. 147, 78 L.Ed.2d 138 (1983) and instead applied what it believed to be an accurate interpretation of federal law. This interpretation applied equally to those actions commenced in federal district courts in New York, Michigan, Massachusetts and the District of Columbia.

Plaintiffs argue in their Memorandum that if transferee courts were to consider cases as described above, the uniformity expressed by *Van Dusen* would be destroyed. While this may be true in the short-run, the long-term benefits of each federal court independently considering an issue are substantial. In this way, an issue may be viewed from several unique perspectives. If at the conclusion of these various analyses more than one interpretation of federal law exists, the Supreme Court of the United States can finally determine the issue and restore uniformity in the federal system. The uniformity achieved in this matter is an "informed uniformity" unlike the "blind uniformity" which would result from one court applying the interpretation of another by rote.

■ Plaintiffs also argue that because the case at hand was transferred to the District of Columbia for a limited purpose and shall be returned to the federal courts in New York, this Court should not create a conflict between the law of the case (which would be the law of this Circuit) and stare decisis (which would instruct the District Courts to follow the decisions of their own Court of Appeals). The Court believes, however, that the law of the case clearly controls this situation. Once a court finally decides any issue of law, the law of the case holds that the ruling should be adhered to by a transferor court. If this were not true, and transferor courts were free to readjudicate issues determined by transferee courts, transfers pursuant to

28 U.S.C. § 1407 could become meaningless exercises perpetuating the very duplication they were designed to eliminate. This is not to say that the parties to an action must suffer for the sake of more efficient proceedings. As previously stated, if a litigant believes he or she has been denied a favorable and correct interpretation of federal law, the Supreme Court is available to finally decide the question after an application for certiorari. This should be the course of the present litigation.