96 F.3d 151
 1997 A.M.C. 666, 45 Fed. R. Evid. Serv. 489
 Daisy E. BICKEL, Representative for Edna Doris Miller;
Dorothy Jones, Estate of Joyce Chambers; Willie
N. James, Personal Representative of the
Estate of Hazel Jeanne James,
Plaintiffs-Appellees,
Richard A. Bowden, Individually and as Personal
Representative of the Estate of Eleanor Beatrice
Young Bissell, Plaintiff-Appellee,
Cross-Appellant (94-1098),
Michael D. Jones, Personal Representative of the Estate of
Margaret Zarif, a/k/a Margaret Jones,
Plaintiff-Appellee, Cross-Appellant (94-1101),
v.
KOREAN AIR LINES COMPANY, LTD., Defendant-Appellant
(93-2144/2259/2549; 94-1095/1096/1100), Cross-Appellee.
 Nos. 93-2144, 93-2259, 93-2549, 94-1095, 94-1096, 94-1098,
94-1100, 94-1101.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 31, 1995.
Decided Aug. 29, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Oct. 10, 1996.*
 
 Gerald G. White, Timothy J. Currier, Robert G. Waddell, Beier & Howlett, Bloomfield Hills, MI, Kevin L. Mosley, Aaron J. Broder (briefed and argued), Meryl I. Schwartz, F. Lee Bailey Assoc., New York City, for Daisy E. Bickel in No. 93-2144.
 Robert R. Florka, Jukowski, Pazin & Bates, Pontiac, MI, Andrew J. Harakas (argued), George N. Tompkins (briefed), Tompkins, Harakas, Elsasser & Tompkins, White Plains, NY, for Korean Air Lines Co., Ltd.
 Timothy J. Currier, Beier & Howlett, Bloomfield Hills, MI, Kevin L. Mosley, Aaron J. Broder (briefed), Meryl I. Schwartz, F. Lee Bailey Assoc., New York City, for Daisy E. Bickel in No. 93-2259.
 David R. Parker (argued and briefed), Lawrence F. Charfoos, Charfoos & Christensen, Detroit, MI, for James L. Chambers and Dorothy Jones.
 Angela J. Nicita (argued and briefed), Michael S. Mazur, Patricia A. Murray, Chambers, Steiner, Mazur, Ornstein & Amlin, Detroit, MI, for Willie N. James.
 George M. Head (argued), David William Potts (briefed), Carson Fischer, Birmingham, MI, for Richard A. Bowden in No. 94-1096.
 George M. Head (argued and briefed), David William Potts (briefed), Carson Fischer, Birmingham, MI, for Richard A. Bowden in No. 94-1098.
 Steven R. Gabel (argued and briefed), Gerald E. Thurswell, Thurswell, Chayet & Weiner, Southfield, MI, for Michael D. Jones.
 Before: MERRITT, Chief Judge; BROWN and BATCHELDER, Circuit Judges.
 BROWN, J., delivered the opinion of the court, in which MERRITT, C. J., joined. BATCHELDER, J. (pp. 156-159), delivered a separate dissenting opinion.AMENDED OPINION
 BAILEY BROWN, Circuit Judge.
 
 
 1
 This case first came before this panel on January 31, 1995, and was the subject of a prior opinion (Bickel v. Korean Air Lines, 83 F.3d 127 (6th Cir.1996)), in which we, inter alia, reversed the awards for predeath pain and suffering which each plaintiff won at trial. After we filed that opinion, the plaintiffs filed a Motion for Rehearing with a Suggestion for Rehearing En Banc, in which they alleged that we erred in reversing the predeath pain and suffering awards. After reviewing the plaintiffs' motion, and the defendant's response to it, we GRANT the motion and withdraw Section II, Part C and Section III of our prior opinion. We replace those portions of our prior opinion with the following text:
 
 C.
 
 2
 In a supplemental brief filed after the Supreme Court announced its opinion in Zicherman, KAL urges us to reverse the awards for the decedents' predeath pain and suffering which the plaintiffs' won at trial. KAL argues that, even though the Supreme Court expressly stated in Zicherman that the question of the propriety of the predeath pain and suffering awards was not before it, --- U.S. at ---- n. 4, 116 S.Ct. at 636 n. 4, such awards cannot be squared with the Court's recognition that, under section 762 of DOHSA, plaintiffs may recover pecuniary damages only. In response, the plaintiffs argue (1) that KAL waived this issue when it failed to raise it in its opening briefs to this court, and (2) that DOHSA, a wrongful death statute, has no effect on their right to recover nonpecuniary predeath pain and suffering damages through a maritime common law survival action. See Sea-Land Servs. v. Gaudet, 414 U.S. 573, 575 n. 2, 94 S.Ct. 806, 810 n. 2, 39 L.Ed.2d 9 (discussing the differences between wrongful death actions and survival actions). Because we agree with the plaintiffs' first argument, we express no opinion on their second one.[1]
 
 
 3
 Federal Rule of Appellate Procedure 28(a) requires that an appellant's brief include "a statement of the issues presented for review," and "[a]n argument" on each issue presented. While KAL appealed the issue of the sufficiency of the evidence to support the various predeath pain and suffering awards in the five trials below, none of the six opening briefs KAL submitted to this court identifies as an issue for appeal the propriety of allowing any such awards. "We normally decline to consider issues not raised in the appellant's opening brief[s]." Priddy v. Edelman, 883 F.2d 438, 446 (6th Cir.1989). KAL argues that we should not apply this rule to the instant appeal, however, contending that after it filed its opening briefs, the Supreme Court's decision in Zicherman intervened and changed the law on the availability of predeath pain and suffering damages. This contention is incorrect. As noted above, Zicherman does not address the propriety of the predeath pain and suffering damages awarded at trial in that case, and that award stands to this day. See Zicherman, --- U.S. at ---- n. 4, 116 S.Ct. at 636 n. 4 (noting that KAL did not challenge the validity of the predeath pain and suffering award in its petition for certiorari).
 
 
 4
 Moreover, in stating that DOHSA disallows recovery of nonpecuniary loss of society damages, the Zicherman court merely followed settled law. The Court decided that question almost twenty years ago in Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 625, 98 S.Ct. 2010, 2015, 56 L.Ed.2d 581 (1978). The Zicherman opinion therefore neither added to, nor made any changes in, the law regarding the availability of nonpecuniary damages under DOHSA. Thus, any argument that KAL could make based on the fact that DOHSA does not allow nonpecuniary damages was available to it before the Court decided Zicherman, and therefore KAL could have raised this issue in its opening briefs.[2]
 
 
 5
 Indeed, in Forman v. Korean Air Lines, 84 F.3d 446, 448-49 (D.C.Cir.1996), the D.C. Circuit refused to address the very argument KAL urges to us here, on the ground that KAL did not raise the issue until after the Supreme Court decided Zicherman, when KAL raised it in a reply brief. The court noted that "[t]he argument that pre-death pain and suffering damages are not available if DOHSA applies has been raised numerous times before Zicherman." Compare, e.g., Azzopardi v. Ocean Drilling & Exploration Co., 742 F.2d 890, 893 (5th Cir.1984) (allowing plaintiff to recover nonpecuniary survival damages under general maritime common law along with pecuniary wrongful death damages under DOHSA) with In re Air Disaster Near Honolulu, Hawaii, 792 F.Supp. 1541, 1545-46 (N.D.Cal.1990) (holding that DOHSA preempted survival actions). Because KAL initially failed to challenge the propriety of awarding damages for predeath pain and suffering, and because Zicherman does not alter the state of the law on the availability of such awards, we decline to address this belatedly raised issue.
 
 D.
 
 6
 Finally, KAL has challenged (1) the admission of videotaped expert testimony in two of the trials below, (2) the sufficiency of the evidence presented at each of the trials below to support the awards of predeath pain and suffering, and (3) the district court's failure to remit the predeath pain and suffering awards in three of the cases. We will address these issues seriatim.
 
 Videotaped Expert Testimony
 
 7
 Five KAL Flight 007 damages cases went to trial in the Eastern District of Michigan before the Honorable Anna Diggs Taylor, and all five of them are consolidated in this appeal. The first of the five cases to go to trial was the Bowden/Bissell case.[3] At trial in Bowden/Bissell, the plaintiffs presented the testimony of two experts. James McIntyre, a retired naval officer and former commercial airline pilot, testified regarding the emergency operation of a Boeing 747. Robert Elzy, a former naval officer who is an aviation physiologist, testified regarding the physical effects which the attack and the subsequent decompression and recompression of the aircraft might have had on the passengers. The plaintiff videotaped the experts' testimony so that it would be available to other plaintiffs for use in subsequent trials, should the experts be unavailable to testify in person. As it turned out, this Bowden/Bissell trial ended in a mistrial, and the case was later retried. The plaintiffs presented the videotaped expert testimony in the subsequent Bowden/Bissell trial, as well as at the four other damages trials. KAL now appeals the admission of the videotaped testimony in two of those trials: Bowden/Bissell and Jones/Zarif.
 
 
 8
 We review this matter for an abuse of discretion. See United States v. Phillips, 888 F.2d 38, 40 (6th Cir.1989) "An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made." In re Bendectin, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989). In Bowden/Bissell, the plaintiff informed the court on the day the trial began, April 27, 1993, that he wished to use the videotaped testimony because the two experts were testifying in a KAL Flight 007 damages case in Washington, D.C. at the time. Finding that the witnesses were unavailable, and that KAL had sufficient motive and opportunity to cross examine the experts at the prior trial, the district court allowed the videotaped testimony under Federal Rule of Evidence 804(b)(1) and Federal Rule of Civil Procedure 32(a)(3)(B). Thus, on April 27, the plaintiff began playing McIntyre's videotaped testimony. Before the plaintiff resumed playing that testimony on April 28, KAL presented the court with the declaration of a defense attorney in the Washington case, which indicated that McIntyre had completed his testimony in that case on April 26, and that Elzy had completed his testimony on the 27th. The defendants therefore argued that the experts were no longer "unavailable" and could have flown directly to Detroit and testified live. Nonetheless, the district court allowed the videotaped testimony to continue.
 
 
 9
 KAL contends this was an abuse of discretion. We disagree. While, in retrospect, it appears that the two experts could have wound up their testimony in Washington, caught an evening flight to Detroit, and been available to testify there the following morning, we must review the district court's decision with an appreciation for the difficulties of ensuring the smooth progression of the proceedings in its court. When the court initially decided to allow the videotaped testimony, it did not know that the experts would finish their testimony in Washington in time to appear in Detroit. Once KAL informed the court that the experts had concluded their Washington testimony, the plaintiff was already in the middle of offering the videotaped testimony. Ordering the plaintiff to produce one or both of the witnesses for live testimony could have resulted in a substantial delay. Considering that the testimony that the experts would have given "live" was substantially the same as the testimony on videotape, and that the videotaped testimony occurred at a prior trial in this same case, we are not "firmly convinced" that the district court erred in allowing the videotaped testimony to continue.
 
 
 10
 Zarif/Jones was the last of the five cases to come to trial, and, unlike the previous four cases, it was tried to the bench rather than to a jury. As in each of the previous cases, however, the plaintiff in Zarif/Jones sought to use the videotaped expert testimony of McIntyre and Elzy, claiming that the experts were "bound by prior commitments." KAL again objected, arguing that "live" testimony is important in assisting the trier of fact in credibility determinations. The district court responded:
 
 
 11
 Well, I am going to proceed with the Plaintiff's case and will permit the Plaintiff's experts to be heard by video tape here. The Court has heard them in person, seen them cross-examined more than once, each of them, and seen the video tapes. I don't think the credibility determination will be that crucial.
 
 
 12
 Once again, we cannot say that the district court erred in allowing the plaintiff to present videotaped testimony. Assuming the truth of the plaintiff's claims that the experts were unavailable to testify at the times for which the trial was scheduled, the district court again had to balance the need for viewing the witnesses live against the substantial scheduling concerns attendant to conducting a trial in federal district court. Considering that Judge Taylor had seen the plaintiff's experts testify live, and that this case was tried to the bench rather than to a jury, we will not disturb the district court's ruling.[4]
 
 Sufficiency of the Evidence
 
 13
 KAL has challenged the sufficiency of the evidence presented in each trial below to support the various awards of predeath pain and suffering. In reviewing the sufficiency of the evidence, we consider the evidence in the light most favorable to the plaintiffs. Molton v. City of Cleveland, 839 F.2d 240, 241-42 (6th Cir.1988), cert. denied, 489 U.S. 1068, 109 S.Ct. 1345, 103 L.Ed.2d 814 (1989). At the trials below, the plaintiffs presented evidence from which a jury could infer that each passenger (1) survived the initial explosion which caused a hole in the rear section of the fuselage, (2) donned an emergency oxygen mask, and (3) remained conscious during the twelve minute descent into the Sea of Japan, suffering the physical effects of decompression and recompression along the way, as well as the horror of knowing that death was imminent. This evidence was sufficient to support awards for predeath pain and suffering in these cases. Accord Forman v. Korean Air Lines, 84 F.3d 446, 449 (D.C.Cir.1996) (affirming predeath pain and suffering award in a KAL Flight 007 case on evidence essentially the same as that presented in the cases before us); Hollie v. Korean Air Lines, 60 F.3d 90, 92-93 (2d Cir.1995) (same), judgment vacated on other grounds and case remanded, --- U.S. ----, 116 S.Ct. 808, 133 L.Ed.2d 754 (1996); Zicherman v. Korean Air Lines, 43 F.3d 18, 23 (2d Cir.1994) (same), rev'd in part on other grounds, --- U.S. ----, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996).
 
 Remittitur
 
 14
 KAL also appeals from the district court's refusal to remit the predeath pain and suffering awards in (1) Jones/Chambers, where the jury awarded $400,000 in predeath pain and suffering damages; (2) Bowden/Bissell, where the jury awarded $1,350,000 in predeath pain and suffering damages; and (3) Jones/Zarif, where the court awarded $1,000,000 in predeath pain and suffering damages.
 
 
 15
 This court reviews a district court's denial of a motion for a remittitur for an abuse of discretion. Roush v. KFC Nat'l Management Co., 10 F.3d 392, 397 (1993), cert. denied, 513 U.S. 808, 115 S.Ct. 56, 130 L.Ed.2d 15 (1994). District court's should grant such motions only "if the award clearly exceeds 'the amount which, under the evidence in the case was the maximum that a jury could reasonably find to be compensatory' for the plaintiff's loss." In re Lewis, 845 F.2d 624, 635 (6th Cir.1988) (quoting Manning v. Altec, Inc., 488 F.2d 127, 133 (6th Cir.1973)). "Unless the award is (1) beyond the range supportable by proof or (2) so excessive as to shock the conscience, ... or (3) the result of a mistake, we must let the award stand." Leila Hosp. & Health Ctr. v. Xonics Medical Sys., 948 F.2d 271, 278 (6th Cir.1991).
 
 
 16
 The district court did not abuse its discretion in denying KAL's motions. It is impossible to determine the exact value of the pain and suffering which the decedents may have endured. In reviewing these three challenged awards, we acknowledge that the proof in these cases would support findings by the three factfinders (two different juries and the district judge) that the decedents (1) remained conscious during the entire twelve minute descent of the aircraft, (2) suffered substantial physical pain during the descent, and (3) knew they would die upon impact. One simply cannot quantify the mental and physical pain and suffering such an experience would cause, and thus we cannot conclude that the evidence does not support the awards. Since there is no basis for concluding that the factfinders made "mistakes" (either in their findings or their arithmetic, if any), we will reverse the district court and remit these awards only if they "shock our conscience." They do not.
 
 III.
 
 17
 For the forgoing reasons, we REVERSE in part and AFFIRM in part the judgments of the district court. We REMAND these cases for the entries of judgments consistent with this opinion.
 
 
 18
 BATCHELDER, Circuit Judge, dissenting.
 
 
 19
 As the majority points out, when these cases first came before us, we issued an opinion in which, inter alia, we reversed the awards for pre-death pain and suffering ("pain and suffering awards") that the plaintiffs had won at trial. Bickel v. Korean Air Lines Co., 83 F.3d 127 (6th Cir.1996). We reasoned that the Supreme Court's recent decision in Zicherman v. Korean Air Lines, --- U.S. ----, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996), holding that non-pecuniary damages were not available under the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq. (West 1975) ("DOHSA"), applied, as well, to the non-pecuniary damages for pre-death pain and suffering awarded in these cases.
 
 
 20
 Today, a majority of the panel reverses that decision and reinstates the awards recovered in the district court for the decedents' pre-death pain and suffering. The majority reasons that Korean Air Lines Company, Ltd. ("KAL"), waived any argument relative to the availability of pain and suffering awards by failing to raise the argument in its opening briefs. Because I continue to believe that DOHSA exclusively governs these cases, that DOHSA, both in its plain language and as interpreted by Zicherman, does not provide for non-pecuniary damages, and that the pre-death pain and suffering awards at issue in these cases are non-pecuniary and, therefore, not recoverable under DOHSA, I dissent.
 
 
 21
 The majority correctly observes that in its opening briefs, KAL did not argue that pain and suffering awards were unavailable under DOHSA. The majority acknowledges that KAL appealed the sufficiency of the evidence to support the pre-death pain and suffering awards, but bears down on KAL's failure to appeal what it terms "the propriety of allowing any such awards." Maj. op. at 153 (emphasis in original). The majority offers two bases for its conclusion that KAL's failure timely to raise its "propriety" claim precludes our review. First, the majority explains: "Zicherman does not address the propriety of the predeath pain and suffering damages awarded at trial in that case, and that award stands to this day." Id. (citing Zicherman, --- U.S. at ---- n. 4, 116 S.Ct. at 636 n. 4). And second, Zicherman "neither added to, nor made any changes in, the law regarding the availability of nonpecuniary damages under DOHSA." Id. at p 5. Therefore, the majority concludes, KAL could have argued against the availability of pre-death pain and suffering awards before Zicherman and in its opening briefs. I do not find the majority's reasoning persuasive.
 
 
 22
 In a purely technical sense, I have no quarrel with the majority's observation that Zicherman did "not address the propriety of the predeath pain and suffering damages awarded at trial in that case[.]" Maj. op. at 153 (citing Zicherman, --- U.S. at ---- n. 4, 116 S.Ct. at 636 n. 4). Accordingly, the propriety of such damages remains an open question for the Supreme Court to address in a future case--perhaps even this one. Until the Court renders such a ruling, however, we are bound by the principles of Zicherman, and I think that there is no getting around the flat, unambiguous holding of Zicherman that where DOHSA governs (as it, without question, does here), it governs exclusively; it provides the sole source of damages recoverable; and permits only pecuniary damages. See Zicherman, --- U.S. at ---- - ----, 116 S.Ct. at 636-37. See also Saavedra v. Korean Air Lines Co., Ltd., 93 F.3d 547, 553 (9th Cir.1996).[1] I detect nothing by way of disagreement from the majority's opinion; indeed, section II.B. of the original panel opinion in this case (holding that neither loss of society nor survivor's grief is recoverable under DOHSA) remains undisturbed. Bickel, 83 F.3d at 131-32.
 
 
 23
 Zicherman, it is true, does not directly address the propriety of pre-death pain and suffering damages. But the only plausible reading of that case is that such damages, because they are not pecuniary damages, are not recoverable. See Saavedra, 93 F.3d at 553, Today's majority overlooks this point, and by doing so, avoids having to explain how KAL's procedural default (of not raising the argument in their opening briefs) can suffice to sustain liability for pain and suffering damages where such damages are not available as a matter of law.
 
 
 24
 KAL argues, and this panel originally agreed, that, although pre-death pain and suffering awards were not squarely before the Supreme Court in Zicherman, DOHSA does not provide for such damages because they are non-pecuniary in nature. Id. at 132. Accordingly, we concluded that:
 
 
 25
 Zicherman constitutes an insuperable obstacle to an award of pain and suffering damages--clearly non-pecuniary damages--in these cases. Thus, for the same reasons we reversed the survivor's grief damages, we now reverse the award of pain and suffering damages.
 
 
 26
 Id.
 
 
 27
 The majority now retreats from that position, giving as its second reason for affirming the non-pecuniary damage awards for pre-death pain and suffering that:
 
 
 28
 The Zicherman opinion ... neither added to, nor made any changes in, the law regarding the availability of nonpecuniary damages under DOHSA. Thus, any argument that KAL could make based on the fact that DOHSA does not allow nonpecuniary damages was available to it before the Court decided Zicherman, and therefore, KAL could have raised this issue in its opening briefs.
 
 
 29
 Maj. op. at 153 (emphasis in original). I cannot agree.
 
 
 30
 Zicherman, whatever else may be said of it, clarified the law relative to non-pecuniary damages available under DOHSA. "Moreover, where DOHSA applies, neither state law nor general maritime law can provide a basis for recovery of loss-of-society damages." Zicherman, --- U.S. at ----, 116 S.Ct. at 636 (citations omitted). See Saavedra, 93 F.3d at 553 (noting that "[t]he Supreme Court, in holding that DOHSA cannot be supplemented by general maritime law in order to obtain loss of society damages, gave no indication that there was any material difference between loss of society damages and any other nonpecuniary damages"). I do not dispute that the relevant Supreme Court case law logically, perhaps ineluctably, led the Zicherman Court to rule as it did, but it is nevertheless not entirely accurate to characterize Zicherman as neither adding to, nor making any changes in, the law of damages available under DOHSA. But even if the majority were correct, I do not comprehend the logic of leaving these non-pecuniary damage awards to stand when such awards, as the majority implies, have not been available directly under DOHSA for years.[2]
 
 
 31
 Assuming arguendo that Zicherman "neither added to, nor made any changes in, the law regarding the availability of nonpecuniary damages under DOHSA[,]" maj. op. at 153; but see Saavedra, 93 F.3d at 550 (observing that "[m]any of the issues raised before [the Ninth Circuit] were resolved for the first time in ... Zicherman "), still Zicherman made it crystal clear that where DOHSA governs, it governs exclusively. Zicherman, --- U.S. at ----, 116 S.Ct. at 636. And because where DOHSA governs, it governs exclusively, on the facts of the case before us (where DOHSA unquestionably governs) no pre-death pain and suffering damages are available, for such damages are non-pecuniary in nature. See Saavedra, 93 F.3d at 552-554.
 
 
 32
 Although KAL did not squarely aver in its opening briefs that pain and suffering awards were not available under DOHSA, I would permit it to make that claim in light of the reasoning in Zicherman. I would do so, because this is one of those extraordinary cases in which the contrary result cannot be squared with applicable Supreme Court precedent. See United States v. Chesney, 86 F.3d 564, 567-68 (6th Cir.1996) (noting that we have discretion to review an issue not properly preserved for direct appeal in "exceptional cases or particular circumstances," and exercising the discretion to square the ruling in the case with recent, relevant Supreme Court precedent).
 
 
 33
 After carefully reviewing the majority's opinion, I have little doubt that the majority and I do not disagree very much about the harshness of the result in this case if DOHSA were to be exclusively applied. But as a federal judge, and not a federal legislator, I am bound to apply DOHSA, not as may seem "just" to me, but as it is written, and as it has been interpreted by the highest judicial authority in the land. See, e.g., THE FEDERALIST No. 78, at 468-49 (Alexander Hamilton) (Clinton Rossiter ed., 1961).[3] And there is simply nothing in the language of DOHSA and nothing in Zicherman (or any other case to which the majority points) that leads me to believe there is any principled way to avoid the conclusion that there is no basis in the law for the pre-death pain and suffering awards which today's majority upholds. Yet, the majority defaults KAL and holds that it must pay damages that are not available as a matter of law. In doing so, the majority rests its judgment not even on the shifting sands of its understandable desire to do equity in these cases. Rather, the majority constructs this judgment "upstairs above a vacant lot."
 
 
 
 *
 Judge Batchelder would grant rehearing for the reasons stated in her dissent
 
 
 [1]
 We note, however that other circuits have allowed plaintiffs to recover predeath pain and suffering damages on maritime common law survival claims while collecting pecuniary wrongful death damages on a DOHSA claim. E.g. Azzopardi v. Ocean Drilling & Exploration Co., 742 F.2d 890, 894 (5th Cir.1984); Barbe v. Drummond, 507 F.2d 794, 799-800 (1st Cir.1974)
 
 
 [2]
 In fact, the record reflects that KAL presented the district court with the same argument it advances in its supplemental brief at a consolidated pretrial motions hearing on December 21, 1992. Joint Appendix at 701-02
 
 
 [3]
 In their briefs, the parties refer to the individual cases in this manner, i.e., (personal representative)/(decedent). For the sake of consistency, and to avoid confusion, we will do the same
 
 
 [4]
 It bears noting that there is evidence in the record of another trial, the Jones/Chambers trial, indicating that the district court anticipated the use of the videotaped testimony in all of the trials when it granted KAL's request to try each action separately. In Jones/Chambers, the court, discussing the use of the videotaped testimony, stated: "I want to remind you that if the court had been aware that you would have insisted on the presence of the plaintiff's experts at every trial, maybe I would have looked more closely at this insistence that there be six different trials."
 
 
 [1]
 The Ninth Circuit in Saavedra recently had occasion to consider the availability of pre-death pain and suffering damages in cases such as the ones presently before us. Building upon the reasoning of Zicherman, as well as the conclusion we originally reached in these cases, the Ninth Circuit held in a thoughtful opinion that pre-death pain and suffering awards were neither available under DOHSA, nor under a general maritime survival theory. See Saavedra, 93 F.3d at 552-554. Although KAL unquestionably challenged the availability of pre-death pain and suffering awards when it initially argued its case before the Ninth Circuit, see id. at 550, that court's conclusion in Saavedra only underscores the peculiarity of the holding embraced by the majority here. Implicitly, Saavedra reaffirms that the awards reinstated by the majority are not based on any form of damages created by an act of legislative discretion or otherwise permissible judicial fiat. I admit that I am somewhat mystified how the majority opinion can, as it does, let Saavedra pass, entirely without mention
 
 
 [2]
 As cases cited in the majority opinion indicate, pain and suffering damages in cases such as the ones before us have not been available directly under DOHSA, but have rested on some other source of law. See maj. op. at 153 n. 1 (and authorities collected therein). See also Solomon v. Warren, 540 F.2d 777, 792 (5th Cir.1976) (permitting recovery for decedent's pain and suffering on the theory that state law provides a cause of action for such damages), cert. dismissed, 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977); Favaloro v. S/S Golden Gate, 687 F.Supp. 475, 480 (N.D.Cal.1987) (permitting recovery for decedent's pain and suffering on the theory that general maritime law provides a cause of action for such damages); In re Air Crash Disaster Near Honolulu, Haw., on Feb. 24, 1989, 783 F.Supp. 1261, 1265 (N.D.Cal.1992) (permitting recovery for decedent's pain and suffering on the theory that the Warsaw Convention provides a cause of action for such damages). As the Ninth Circuit recently pointed out, however, Zicherman precludes such "supplemental" damages awards. See Saavedra, 93 F.3d at 554
 
 
 [3]
 As Hamilton observed:
 It can be of no weight to say that the courts, on the pretense of a repugnancy, may substitute their own pleasure to the constitutional intentions of the legislature. This might as well happen in the case of two contradictory statutes; or it might as well happen in every adjudication upon any single statute. The courts must declare the sense of the law; and if they should be disposed to exercise WILL instead of JUDGMENT, the consequence would equally be the substitution of their pleasure to that of the legislative body. The observation, if it proved anything would prove that there ought to be no judges distinct from that body.