**In Re AIR CRASH OFF LONG ISLAND, NEW YORK, ON JULY 17, 1996.**

No. 96 Civil 7986 (RWS).
No. MDL 1161(RWS).

United States District Court,
S.D. New York.

May 7, 1997.

---

Kreindler & Kreindler, New York City (Lee S. Kreindler, Steven R. Pounian, James P. Kreindler, of counsel); Speiser, Krause, Madole, Nolan & Granito, New York City (Kenneth P. Nolan, Frank H. Granito, Jr., Frank H. Granito, III, of counsel); Waite, Schneider, Bayless & Chesley, Cincinnati, OH, (Jerome L. Skinner, of counsel); Baumeister & Samuels, New York City, (Michel F. Baumeister, of counsel), Donald J. Nolan, Chicago, IL, Schaden, Katzman & Lampert, Broomfield, CO, (Richard Schaden, of counsel), for Plaintiffs.

Haight, Gardner, Poor & Havens, New York City (Randal R. Craft, Jr., of counsel), for Trans World Airlines, Inc.

Davis, Scott, Weber & Edwards, New York City (George F. Hritz, of counsel), Perkins Coie, Keith Gerrard, Steven S. Bell, Jay S. Brown, Seattle, WA, for The Boeing Company.

Dombroff & Gilmore, Washington, DC (Mark A. Dombroff, of counsel), for Hydroaire, Inc. & Crane Co.

SWEET, District Judge.

In this multidistrict litigation consolidating for pretrial purposes wrongful death actions arising from the July 17, 1996 crash of Trans World Airlines Flight 800 off Long Island, two versions of an initial pretrial order have been submitted, differing only with respect to the scope of the pretrial proceedings on damages issues. For the reasons set forth below, Pretrial Order Number 1, which has been signed today, will charge the Plaintiffs' Committee with conducting pretrial proceedings involving common legal and factual issues relating to damages on behalf of all plaintiffs.

### Background

On October 24, 1996, Catherine Dadi filed the first complaint in the Southern District of New York relating to the Flight 800 crash. She named Trans World Airlines, Inc. ("TWA") and the Boeing Company ("Boeing") as defendants in her wrongful death action. Additional actions relating to the crash were subsequently filed in this and other district courts around the country. Several of these cases also name Hydroaire, Inc. ("Hydroaire") as a defendant.

By order dated February 19, 1997, the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, transferred to this Court all wrongful death cases arising from the crash "for coordinated or consolidated pretrial proceedings." Pursuant to this order, additional cases subsequently have been transferred or assigned to this Court. To date, approximately twenty-five

cases have been consolidated before this Court.

The plaintiffs in these actions are family members and/or administrators of the estates of passengers who died in the Flight 800 crash.

Defendant Boeing is a corporation incorporated under the laws of the State of Delaware, with a principal place of business in the State of Washington. Boeing manufactured the aircraft that crashed on July 17, 1996.

Defendant TWA is a corporation incorporated under the laws of the State of Delaware, with a principal place of business in the State of Missouri. TWA was the airline operating the aircraft that crashed on July 17, 1997.

Defendant Hydroaire is a division of defendant Crane Co. ("Crane"), which is a corporation incorporated under the laws of the State of Delaware, with a principal place of business in the State of Connecticut. Hydroaire manufactured aircraft components, including a boost fuel pump that was allegedly incorporated into the aircraft that crashed on July 17, 1997.

A preliminary pretrial conference was held on March 7, 1997, at which time the parties agreed to prepare a proposed pretrial order for the consolidated proceedings in this case. By letter dated March 21, 1997, the parties submitted a proposed order that specified areas of dispute. A hearing was held on April 9, 1997 to attempt to resolve these differences.

On April 14, 1997, the parties submitted a second proposed pretrial order incorporating revisions based on the April 9 hearing. However, a dispute remained as to Paragraph IV.C., which defines the scope of the Plaintiffs' Committee's responsibility for conducting pretrial proceedings. Plaintiffs have proposed that the Committee be charged with conducting proceedings related to liability and proceedings "involving legal and factual issues common to all plaintiffs relating to

damages." Defendants proposed that the Committee be charged with conducting liability proceedings and proceedings "involving legal and factual issues relating to damages, except for those damage issues that are specific to a particular plaintiff." In subsequent correspondence, the defendants have proposed that the Committee be charged with liability proceedings and proceedings "involving common legal and factual issues relating to damages."

### Discussion

■ The purpose of 28 U.S.C. § 1407(a) is to "promote the just and efficient conduct" of multidistrict actions, in part by "eliminat[ing] the potential for conflicting contemporaneous rulings by coordinate district and appellate courts." See In re Korean Air Lines Disaster, 829 F.2d 1171, 1179 (D.C.Cir.1987) (Ginsberg, D.H., concurring), quoting In re Plumbing Fixture Cases, 298 F.Supp. 484, 491–92 (Jud.Pan.Mult.Lit.1968). The transfer order in this case determined that "Centralization ... is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."

■ Because this case involves international travel, it is likely to raise factual and legal issues related to the per passenger damage limitation of the "Warsaw Convention,"[1] which, pursuant to an accord among airlines known as the Montreal Agreement,[2] has been raised to $75,000. Moreover, given that the crash took place off the coast of the United States, there may be factual and legal issues related to the Death on the High Seas Act, 46 U.S.C.App. §§ 761–768. Many of the legal and factual issues relating to these damage limitations will be common to the vast majority of the plaintiffs in these actions, but may not be common to all. For example, the Warsaw Convention issues do not apply to plaintiffs who were TWA employees acting within the scope of their em-

---

1. *Convention for the Unification of Certain Rules Relating to International Transportation by Air,* October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11, reprinted in 49 U.S.C. § 1502 note (1982).

2. *Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol,* CAB Agreement 18900, 31 Fed.Reg. 7302 (1966) (approved by CAB Order E–23680; May 13, 1966).

ployment. It would thwart the goals of efficiency and consistency underlying Section 1407 to restrict coordinated proceedings with respect to damages to only those issues common to all plaintiffs.

Plaintiffs contend that a pretrial order contemplating litigation of damages issues is atypical in air crash cases and that damages issues generally are left for the transferor court to determine. However, common issues that are fairly characterized as "damages" issues have been resolved by transferee courts in similar cases, whether or not the pretrial orders in those cases stated that damages issues would be addressed by the transferee court. For example, the transferee court in *In re Korean Air Lines* determined that the damage cap under the Warsaw Convention and Montreal Agreement applied to the case, despite the failure of the passenger tickets to print the notice of limited liability in at least ten point type, as required by the Montreal Agreement. *In re Korean Air Lines Disaster*, 664 F.Supp. 1463 (D.D.C.1985) and 664 F.Supp. 1488 (D.D.C.1987), *aff'd*, 829 F.2d 1171 (D.C.Cir. 1987), *aff'd sub nom, Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989). In fact, the court rejected an argument that because the cases were transferred to the district court for limited pretrial purposes, after which the cases would be remanded to the transferor district, it was inappropriate for the transferee court to create a conflict between the law of the case and the law of the transferor circuit. 664 F.Supp. 1488, 1489–90.

Moreover, when "common" damage issues have not been resolved by the transferee court, there have been inconsistencies among the circuits on similar questions of federal law. *Compare Hollie v. Korean Air Lines Co., Ltd.*, 60 F.3d 90 (2d Cir.1995) (permitting damages for predeath pain and suffering under DOHSA), *vacated and remanded*, —— U.S. ——, 116 S.Ct. 808, 133 L.Ed.2d 754 (1996) (vacated and remanded for further consideration in light of *Zicherman v. Korean Air Lines Co., Ltd.*, —— U.S. ——, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996)); *Forman v. Korean Air Lines Co., Ltd.*, 84 F.3d 446 (1996) (evidence supported award of pain and suffering under DOHSA), *cert. denied*, —— U.S. ——, 117 S.Ct. 582, 136 L.Ed.2d 513 (1996); and *Bickel v. Korean Air Lines Co., Ltd.*, 96 F.3d 151 (6th Cir.1996) (upholding award of damages for predeath pain and suffering because defendant waived issue of availability of such damages under DOHSA); *with Saavedra v. Korean Air Lines Co., Ltd.*, 93 F.3d 547 (9th Cir.1996) (DOHSA does not permit recovery for predeath pain and suffering). While such inconsistencies are not always permanent or intolerable, they should be avoided when overriding concerns of fairness and efficiency do not dictate otherwise.

Moreover, a review of other multidistrict air crash cases involving international travel, including the Pan American Flight 103 litigation, demonstrates that the resolution of common damage issues prior to remand would not present undue difficulties. *See In re Air Disaster in Lockerbie, Scot.*, 733 F.Supp. 547 (E.D.N.Y.1990) (punitive damages not available under Warsaw Convention), *aff'd*, 928 F.2d 1267, 1282 (2d Cir.1991).

Accordingly, this Court will enter Pretrial Order Number 1 with the following language in paragraph V.C.:

> The Plaintiff's Committee shall conduct all liability pretrial proceedings, and pretrial proceedings involving common legal and factual issues relating to damages (hereinafter "liability" shall include common legal and factual issues relating to damages), on behalf of all plaintiffs.

This language does not mechanically define whether a damage issue would be sufficiently common to be resolved in this Court, as the other proposals would, and thus may lead to some collateral litigation that could otherwise be avoided. However, a practical application of the policies behind and limitations of consolidated multidistrict litigation should minimize the difficulty of resolving such questions.

### Conclusion

For the reasons set forth above, Pretrial Order Number 1 will be entered with a provision charging the Plaintiffs' Committee with conducting pretrial proceedings involving common legal and factual issues relating to damages.

The next pretrial conference will be held on May 21, 1997 and will address scheduling matters.

It is so ordered.