**Vata GOJCAJ, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 03–3132.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2004.

Fakhri W. Yono, West Bloomfield, MI, for Petitioner.

Linda S. Wendtland, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

### ORDER

Vata Gojcaj, a native and citizen of Montenegro, in the former Republic of Yugoslavia, petitions for review of a Board of Immigration Appeals (BIA) order that denied his motion to reopen or reconsider the decision to deny his application for asylum, withholding of removal under § 241(b)(3) of the Immigration and Nationality Act (INA), and cancellation of removal under § 240A(b) of the INA, as amended by § 203(d) of the Nicaraguan and Cuban Adjustment and Central American Relief Act of 1997 (NACARA). The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Gojcaj entered the United States in October 1987 and applied for asylum in October 1990. The Immigration and Naturalization Service began removal proceedings in July 1997. Gojcaj conceded deportability and applied for asylum, withholding of removal, and cancellation of removal. The Immigration Judge (IJ) held a hearing in October 1998. Gojcaj, an ethnic Albanian, testified that he was beaten, arrested, and detained for two days after participating in a pro-democracy demonstration in 1986, and fled Yugoslavia out of fear of being persecuted because of his ethnic identity. The IJ denied Gojcaj asylum, withholding of removal, and cancellation of removal, and granted him voluntary departure. The BIA dismissed Gojcaj's appeal, and Gojcaj filed a motion to reopen or reconsider. The BIA denied the motion, and Gojcaj filed a petition for review.

In his petition for review, Gojcaj argues that: (1) the IJ rendered a decision based on facts not in evidence and ignored documentary and testimonial evidence; (2) the IJ erred by finding him not credible; (3) he established a well-founded fear of persecution and/or a clear probability of persecution; and (4) the IJ imposed an improper burden of proof in finding that Gojcaj had not shown extreme hardship.

We conclude that this court lacks jurisdiction to review the IJ's decision because Gojcaj did not file his petition for review within the statutory period. *See* 8 U.S.C. § 1252(b)(1). His motion to the BIA to reconsider or reopen its decision did not toll the running of the period for seeking judicial review of the final deportation order. *See Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Wright v. Ouellette,* 171 F.3d 8, 11–12 (1st Cir.1999). The BIA dismissed Gojcaj's appeal on October 1, 2002, Gojcaj filed a motion to reopen or reconsider on October 31, 2002, the BIA denied the motion on December 30, 2002, and Gojcaj filed a petition for review on January 29, 2003. Gojcaj's petition for review was untimely with respect to the final order of removal.

Although Gojcaj's petition for review was timely with respect to the BIA's denial of his motion to reopen or reconsider, we will not review that decision because Gojcaj did not raise the issue in his opening brief. *See Bickel v. Korean Air Lines Co.,* 96 F.3d 151, 153 (6th Cir.1996).

For the foregoing reasons, we deny the petition for review.