Albert DEDGJONAJ, Petitioner,

v.

John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.

No. 02–4360, A77 852 429.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2004.

Carl M. Weideman, Jr., Weideman & Weideman, Grosse Pointe Woods, MI, for Petitioner.

Jennifer A. Parker, Terri J. Scadron, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondents.

Before SUTTON and COOK, Circuit Judges; and ROSEN, District Judge.*

### ORDER

Albert Dedgjonaj, a native and citizen of Albania, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed a decision by an immigration judge (IJ) that denied Dedgjonaj's application for asylum, withholding of removal, and protection under the Convention Against Torture. The parties are represented by counsel and have waived oral argument. Fed. R.App. P. 34(a).

Dedgjonaj entered the United States without inspection in July 1998. Removal proceedings began in August of the same year. Dedgjonaj conceded removability and applied for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure. An IJ held a hearing in January 2001. Dedgjonaj testified that he was arrested, detained, and beaten by the secret police for supporting the Democratic Party in Albania. The IJ concluded that Dedgjonaj had not established that he applied for asylum within one year of entering the United States, and that even if his application was timely, Dedgjonaj was not credible. The IJ denied all of Dedgjonaj's requests. The BIA affirmed the IJ's decision without opinion, and Dedgjonaj filed a timely petition for review.

On appeal, Dedgjonaj argues that: (1) he was not given a fair review; (2) the procedural change as to the number of judges reviewing an appeal to the BIA violates the Due Process Clause; and (3) the procedural change as to the standard of review violates the Due Process Clause.

Upon review, we conclude that the petition for review must be denied. Neither the BIA's streamlining procedures for reviewing appeals nor its practice of affirming IJ decisions without issuing an opinion violates an alien's rights to due process. *Denko v. INS,* 351 F.3d 717, 730 (6th

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Cir.2003). Moreover, although Dedgjonaj argues that he was not given a fair review, this court "will not assume such a complete break-down in the system in the absence of tangible evidence to support such a conclusion." *Id.* at 729. Finally, with respect to the standard of review used by the BIA, the BIA has the power to conduct reviews de novo but is not required to do so. *Id.* at 728.

Dedgjonaj waived review of the merits of his asylum and withholding of removal claims because he failed to properly raise such arguments in his opening brief. *See* Fed. R.App. P. 28; *Bickel v. Korean Air Lines Co.,* 96 F.3d 151, 153 (6th Cir.1996).

For the foregoing reasons, we deny the petition for review.