**Jagjit TANDON, as personal representative of Dildar Seekree, deceased, Plaintiff,**

v.

**UNITED AIR LINES, Defendant.**

**No. 94 Civ. 7002 (DC).**

United States District Court, S.D. New York.

June 30, 1997.

---

Donald M. Kresge, New York City, for Plaintiff.

Ahmuty, Demers & McManus by Robert E. Hirsch, Albertson, NY, for Defendant.

### MEMORANDUM DECISION

CHIN, District Judge.

Plaintiff Jagjit Tandon ("Tandon") brings this action against defendant United Airlines, Inc. ("United Airlines") as representative of his deceased mother-in-law, Dildar Seekree

("Mrs.Seekree"), asserting claims arising out of Mrs. Seekree's death on board a United Airlines flight. Defendant moves for partial summary judgment arguing that because the Death on the High Seas Act ("DOHSA"), 46 U.S.C.App. § 761 *et seq.*, permits recovery only for pecuniary damages, the claims for loss-of-society, the anguish or grief of the survivors, Mrs. Seekree's pain and suffering, and punitive damages must be dismissed. Because DOHSA does not permit recovery for these types of damages, defendant's motion is granted and these claims are dismissed.

### BACKGROUND

#### A. The Facts

While on a United Airlines flight from London to New York, Mrs. Seekree suffered a heart attack. Tandon, her son-in-law and a physician, began treating her. At his request, a flight attendant brought him a portable oxygen container with an oxygen mask, so that he could administer oxygen to Mrs. Seekree. The pilot was apprised of the situation and agreed to land the aircraft in Boston, rather than New York, so that Mrs. Seekree could seek medical attention at a hospital.

Shortly thereafter, Tandon discovered that the oxygen tank was nearly empty and requested more oxygen. The flight attendant told him that there was no more oxygen available to treat Mrs. Seekree. While the plane was still in the air, and more than a marine length from the United States coastline, Mrs. Seekree died. (Affidavit of United Airlines pilot, Richard M. Mitchell, ¶¶ 19, 24). The flight was then redirected to New York, the original destination.

#### B. Prior Proceedings

This action was commenced on September 26, 1994. The complaint asserted claims under state common law, the general maritime law, and DOHSA. United Airlines thereafter moved for summary judgment dismissing the action as time-barred under the Warsaw Convention.[1] In a memorandum decision

---

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air,

dated February 21, 1996, I denied the motion, holding that the Warsaw Convention did not apply in this case because Mrs. Seekree's death did not result from an "accident," and holding further that plaintiff's state law claims were not preempted by the Warsaw Convention. *Tandon v. United Air Lines*, 926 F.Supp. 366 (S.D.N.Y.1996); *see Tseng v. El Al Israel Airlines, Ltd.*, Nos. 96–7447, 96–7619, 1997, slip op., —— F.3d —— (2d Cir. June 13, 1997).

The parties now agree, based on the pilot's affidavit, that plaintiff's original belief that Mrs. Seekree's "death occurred over coastal or inland waters of the United States" was incorrect. Rather, it is now undisputed that her death occurred "on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States." Hence, this case is governed by DOHSA.

This motion followed.

## DISCUSSION

Under DOHSA, a plaintiff may only recover pecuniary losses. Section 762 permits a plaintiff suing under DOHSA to recover "a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought." Suit may be brought by "the decedent's wife, husband, parent, child, or dependent relative." 46 U.S.C.App. § 761. The issues presented are whether plaintiff may recover for: (a) loss-of-society; (b) anguish of survivors; (c) Mrs. Seekree's pain and suffering; and (d) punitive damages.

### A. *Loss–of–Society*

■ Plaintiff's claims for loss-of-society are governed by *Zicherman v. Korean Air Lines*, —— U.S. ——, ——, 116 S.Ct. 629, 636, 133 L.Ed.2d 596 (1996). There, the Supreme Court held that DOHSA precludes recovery for loss-of-society damages because that statute only permits recovery of pecuniary loss. *Id.* at ——, 116 S.Ct. at 636. Moreover, the Supreme Court held that DOHSA precluded a plaintiff from augmenting his DOHSA claims with damages claims

*concluded* Oct. 12, 1929, 49 Stat. 3000, T.S. No.

brought under other laws, such as state law or general maritime law. *Id.* Thus, *Zicherman* requires that summary judgment be granted in favor of defendant dismissing plaintiff's claims for loss-of-society. (Am. Compl.¶¶ 31, 40).

### B. *Anguish of Survivors*

■ DOSHA also precludes recovery for the mental anguish of survivors, since that is not a pecuniary loss. *See, e.g., In re Korean Air Lines Disaster*, 935 F.Supp. 10, 14 (D.D.C.1996) ("Damages for a survivor's grief are a non-pecuniary form of damages which represents compensation for an emotional response to wrongful death" and therefore, are precluded by DOHSA); *Saavedra v. Korean Air Lines Co., Ltd.*, 93 F.3d 547, 552 (9th Cir.) ("Because DOHSA creates only a cause of action for pecuniary damages suffered by the estate, and the survivor's grief is a non-pecuniary damage, we must hold that the district court erred in permitting Saavedra to proceed on that claim and in awarding judgment upon it."), *cert. denied*, —— U.S. ——, 117 S.Ct. 584, 136 L.Ed.2d 514 (1996); *Fox v. United States*, Nos. D–94–0941 SI, C95–0519–SI, C94–2648–SI, 1996 WL 440681, at *14 (N.D.Cal.1996) (under DOHSA, plaintiff is not entitled to recover for emotional distress as result of decedent's death); *Garrett v. Air Logistics, Inc.*, No. 95 Civ. 2190, 1996 WL 492300, at *3 (E.D.La.1996) (no recovery for survivor's mental anguish and grief) Therefore, defendant's motion as to plaintiff's claims for survivor's mental anguish is granted. (Am.Compl.¶ 35).

### C. *Decendent's Pain and Suffering*

■ DOHSA also precludes plaintiff's survival claims, and these claims for the decedent's pain and suffering before death must be dismissed. (Am.Compl.¶¶ 18, 26). Although the Supreme Court expressly declined to rule on this issue in *Zicherman*, —— U.S. at —— n. 1, 116 S.Ct. at 631 n. 1 (noting that petitioner's claim for decedent's pain and suffering was not at issue in that case), the language of that case is nonetheless illuminating. The Court noted that where a death claim is covered by DOHSA, recovery

876 (1934), *reprinted in* 49 U.S.C. § 40105 note.

is limited to "a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought." *Id.* at ——, 116 S.Ct. at 636 (citing 46 U.S.C.App. § 762). Based on that language, the Court reasoned that "where DOHSA applies, neither state law . . . nor general maritime law . . . can provide a basis for recovery of loss-of-society damages." *Id.* (citations omitted). Thus, the language of *Zicherman* implies that DOSHA does not permit plaintiffs to supplement recovery under other laws, including state law and general maritime law.

While the Second Circuit has not yet ruled on this issue, other circuits have interpreted *Zicherman* to preclude survival claims in DOHSA cases. In *Saavedra v. Korean Air Lines Co. Ltd.,* the Ninth Circuit held that "because DOHSA does not allow recovery for nonpecuniary damages, we cannot 'supplement' Congress' remedy, allowing a general maritime survival action for nonpecuniary damages, including the pre-death pain and suffering claimed here." 93 F.3d 547, 554 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 584, 136 L.Ed.2d 514 (1996). The court's reasoning was two-fold. First, the court noted that DOHSA only permits recovery for pecuniary harm, and pain and suffering do not constitute pecuniary harm. *Id.* at 553. Second, DOHSA only authorizes "a wrongful death action on behalf of the decedents' immediate family and dependent relatives," while "pre-death pain and suffering are generally brought as part of a survival action on behalf of the decedent." *Id.* The court also rejected plaintiff's claim that DOHSA could be supplemented with a survival action under general maritime law, in light of the Supreme Court's holding in *Zicherman* that DOHSA could not be supplemented by general maritime law for loss-of-society damages. *Id.* at 554.

▌ In *In re Korean Air Lines Disaster,* the court employed similar reasoning in reaching the same conclusion. 935 F.Supp. 10, 15 (D.D.C.1996). The court held that "[i]n light of the Supreme Court's decision in *Zicherman,* this Court finds that the non-pecuniary pain and suffering damages may not supplement the damages available under DOHSA." *Id.* at 15. Once again, the court held that "recovery for the decedents' alleged pre-death pain and suffering is not recoverable under DOHSA [itself]." Then, relying on the Supreme Court's decision in *Zicherman,* the court held that, "non-pecuniary pain and suffering damages may not supplement the damages available under DOHSA." [2] Thus, these courts extended the reasoning of *Zicherman* to its logical conclusion, holding that DOSHA precludes survival claims, both under DOSHA itself and other laws, such as state law or general maritime law. *See also Fox,* 1996 WL 440681, at *14 ("Under [DOHSA], no damages are recoverable for pain and suffering of a decedent prior to death."). *But see Bickel v. Korean Air Lines Co. Ltd.,* 96 F.3d 151, 153–54 (6th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 770, 136 L.Ed.2d 716 (1997) (on rehearing, court reversed a denial of damages for pain and suffering under DOSHA and held that "[t]he *Zicherman* opinion therefore neither added to, nor made any changes in, the law regarding the availability of nonpecuniary damages under DOHSA.").

Plaintiff argues that Zicherman should be read only to apply to cases, such as *Zicherman,* in which the elements of the Warsaw Convention are met.[3] This argument is without merit. Nothing in the language of *Zicherman* supports such a reading. Moreover, the Court has noted that the Warsaw Convention itself does not provide the substantive law to be applied. Rather, the Warsaw Convention "permit[s] compensation only for legally cognizable harm," and "leave[s] the specification of what harm is legally cognizable to the domestic law applicable under the

---

**2.** Plaintiff cites a number of pre-*Zicherman* cases in support of his argument that general maritime law may be used to supplement the pecuniary damages available under DOSHA. *See, e.g., Graham v. Milky Way Barge, Inc.,* 824 F.2d 376, 387 (5th Cir.1987); *Azzopardi v. Ocean Drilling Exploration Co.,* 742 F.2d 890, 894 (5th Cir.1984); *Barbe v. Drummond,* 507 F.2d 794, 800 (1st Cir. 1974). None of these are persuasive as the

Court's reasoning in *Zicherman* effectively overrules these cases.

**3.** The event in *Zicherman*—the shooting down of Korean Airlines Flight KE007 over the Sea of Japan—was an "accident" under the terms of the Warsaw Convention. —— U.S. ——, ——, 116 S.Ct. 629, 631, 133 L.Ed.2d 596 (1996).

forum's choice-of-law rules." *Zicherman,* — U.S. at ——, 116 S.Ct. at 637. In other words, the Warsaw Convention is "nothing more than a pass-through, authorizing [courts] to apply the law that would govern *in absence of the Warsaw Convention.*" *Id.* (emphasis added). Where the incident "occurs on the high seas" in an airplane, as in this case, the "substantive United States law" is DOHSA. *Id.* Hence, *Zicherman* cannot be read to be limited to cases in which the elements of the Warsaw Convention are met, as the Court's DOHSA analysis is applicable regardless of whether the incident is an "accident" under the Warsaw Convention. Thus, defendant's motion is granted as to the survival claims.

### D. *Punitive Damages*

■ Under DOHSA, plaintiff cannot recover punitive damages. *Miller v. American President Lines Ltd.,* 989 F.2d 1450, 1457 (6th Cir.) ("[DOHSA] explicitly limits recovery to pecuniary losses, and does not provide for punitive damages."), *cert. denied,* 510 U.S. 915, 114 S.Ct. 304, 126 L.Ed.2d 252 (1993); *Bergen v. F/V St. Patrick,* 816 F.2d 1345, 1349 (9th Cir.1987) ("The pecuniary remedies available under DOHSA therefore cannot be supplemented by punitive damages under the general maritime law."), *cert. denied,* 493 U.S. 871, 110 S.Ct. 200, 107 L.Ed.2d 154 (1989). Therefore, defendant's motion for summary judgment on this issue is granted as well.

### *CONCLUSION*

For the reasons set forth above, defendant's motion for partial summary judgment is granted. Plaintiff's claims for loss-of-society, the survivors' grief, Mrs. Seekree's pain and suffering, and punitive damages are dismissed. Plaintiff may proceed only on the claims for pecuniary losses.

The parties are to appear for a pretrial conference on July 25, 1997 at 11:00 a.m. in Courtroom 11A, 500 Pearl Street, New York, New York.

SO ORDERED.